```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JAMES J. SHEILS,               )
                               )
        Plaintiff,             )
                               )
    v.                         )    Civil Action No. 02-1913
                               )
PFIZER, INC.,                  )    Chief Judge Ambrose
                               )    Magistrate Judge Hay
        Defendant.             )
```

## REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the Defendant's Motion for an Award of Attorneys' Fees and Expenses (doc. 37) be granted.

II. REPORT

Plaintiff, James J. Sheils ("Sheils"), began working for Agouron Pharmaceuticals ("Agouron")[1] on January 6, 1997, and, as part of his compensation package, was granted an option to purchase shares of Pfizer common stock.[2] Plaintiff brought the underlying breach of contract action asserting that Pfizer improperly determined that he failed to exercise his stock option agreements in a timely fashion. The district court found that,

---

[1] Agouron merged with Warner-Lambert in 1999 and later, Pfizer, Inc. purchased Warner-Lambert. These changes do not appear to have affected the issues in this case. For ease of reference, we will refer to Plaintiff's employer at all times relevant to the lawsuit as "Pfizer."

[2] Complaint ¶ 5 (Docket No. 1); Defendant's Exhibit A: Plaintiff's Depo., p. 64, 70; Depo. Exhibits 14-17 (Docket No. 17).

indeed, Plaintiff failed to timely exercise these options and the circuit court of appeals affirmed.

Presently before the Court is Defendant's motion for attorney fees and costs as the prevailing party.  Defendant seeks an award of $134,100.38.

At the time Plaintiff began his employment with Pfizer, he was provided with a Notice of Grant of Stock Option that stated that:

> By your signature and [Pfizer's] signature below, you and [Pfizer] agree that this Option is granted under and governed by the terms and conditions of [Pfizer's] 1996 Stock Option Agreement (Attachment 1) and the 1996 Stock Option Plan, as amended (Attachment 2), which are attachments hereto and made a part hereof by this reference.[3]

The referenced 1996 stock option agreement and a subsequent 1998 stock option agreement expressly provided for the recovery of attorney fees in the event of any litigation under the agreements, as follows:

> **9.06 Attorney's Fees**.  If either party brings an action or seeks to enforce or interpret any of the terms or provisions of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs, in addition to any other remedy it may be awarded.[4]

---

[3]   Defendant's Exhibit 14: 1997 Notice of Grant of Stock (Doc. 17).

[4]   See 12/11/03 Engstrom Decl., Depo. Exh. 15 at ¶ 9.06, Depo Exh. 19 at ¶ 9.06 (Doc. 17).

As noted, Plaintiff brought the instant suit to enforce the agreements and Pfizer was the prevailing party in that suit. Having previously determined that Plaintiff read and understood these agreements, which set forth the parties' rights and obligations, see Report and Recommendation (doc. 28) and Order (doc. 31), there should be no question that Plaintiff knew of and agreed to the terms of the stock option agreements, which obviously would have included the reciprocal attorney's fee provision and, therefore, Defendant's motion should be granted. Plaintiff, however, raises two arguments.

First, Plaintiff asserts that there was a lack of consideration for the attorney's fee provision in the stock option agreements. Plaintiff provides no legal authority in support of his argument and continues to misunderstand the nature and legal effect of a stock option.[5] As previously discussed, a stock option is an offer which the optionee may accept by exercising same in strict accordance with its terms. See Report and Recommendation, p. 11. Stated differently, an option "is essentially a unilateral contract which grants the optionee the

---

[5]  Plaintiff cites to Harris v. Time, Inc., 191 Cal.App.3d 449 (1987), as support. However, as the Harris court noted, "any bargained for act or forbearance will constitute adequate consideration for a unilateral contract." Id. at 456. As discussed, infra, Pfizer granted Plaintiff the right to accept or reject the stock option offer in accordance with its terms and Plaintiff was not bound until he acted on the option, all of which would seem to constitute adequate consideration.

right to accept or reject an offer within the time and manner specified." Allen v. Smith, 94 Cal.App.4th 1270, 1279 (2002).[6] As the Defendant points out, the entire bundle of terms in the agreements, as offered, constituted consideration and but for those terms, there would have been no options to accept and exercise. Plaintiff could choose to accept and exercise his options or reject them. If he accepted, he had to exercise his options in accordance with the terms under which they were offered. One of those controlling terms was Section 9.06, providing a reciprocal right to attorney fees and costs in the event any action was brought, by either party, to enforce the terms of the agreements.

Plaintiff's contention that he was not aware at the time he commenced his employment that later stock option grants would be offered subject to a reciprocal attorney fees and costs provision misses the mark. The underlying suit was not premised on some fraud theory but, rather, on a claim that Pfizer breached the stock option agreements by preventing Plaintiff from exercising his options or refusing to honor his purported attempt to exercise those options. As such, when he sought to exercise the

---

[6] The Stock Option Agreements are expressly governed by the parties' choice of California law. See 12/11/03 Engstrom Decl. Exh. A at 76:1-10, Depo Exh. 15 at ¶ 9.05; see also Report and Recommendation (doc. 28), p.10.

4

options he was required to do so subject to the terms upon which they were offered, including the terms of Section 9.06.

Plaintiff's second argument is that Section 9.06 is somehow an unconscionable contract of adhesion.  Here, again, Plaintiff does not reference any relevant cases in support of his two-sentence, conclusory argument that there existed inequality of bargaining power between Plaintiff and Pfizer and, therefore, the reciprocal attorney fee provision in the stock option agreements amounted to an unconscionable contract of adhesion.  As Pfizer points out, however, there is nothing one-sided, oppressive or surprising about the <u>reciprocal</u> attorney fee provision; it exists to protect both parties.  As well, in our view, Pfizer correctly surmises that had Plaintiff prevailed on its claims against Pfizer, Plaintiff would be urging the court to apply and enforce the reciprocal attorney fee provision.[7]

Pfizer correctly asserts that, having sought the benefits of the stock option agreements in the underlying suit, Plaintiff cannot now avoid the burden of the reciprocal attorney fee agreement.

---

[7]  Plaintiff's argument here is a familiar one.  In attempting to avoid summary judgment, he argued that he was unaware or confused or even deliberately misled as to the exercise terms of the stock option agreements and, therefore, should not be strictly held to them.  We rejected that argument, as did the district and appellate courts.

As noted, Pfizer seeks an award of $134,100.38, which includes a claim for $110,786.25 for the fees and expenses incurred by Pfizer for co-counsel, Peter J. Engstrom from Baker & McKenzie LLP, and $23,314.14 in fees and expenses for co-counsel Richard A. Swanson from reed Smith LLP.[8]

The fee applicant bears the burden of proving entitlement to a reasonable amount of attorney fees. Ackerman v. Western Electric Company, Inc., 643 F.Supp. 836, (N.D.Cal. 1986)(citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  A reasonable fee is calculated using the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Blum v. Stevenson, 465 U.S. 886, 888 (1984); Ackerman, supra at 862; Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

Here Pfizer has submitted detailed declarations by its co-counsel, which the Court finds contain actual, non-duplicative and necessary expenditures of time and costs, as well as support for the necessity of the work performed and the rates charged. Specifically, we note that this case involved somewhat protracted written and document discovery, including multiple depositions of

---

[8]   The instant petition excludes fees and expenses incurred in connection with the appeal to the Court of Appeals for the Third Circuit; Pfizer sought and was awarded fees and expenses by the Circuit in the amount of $48,637.61. Plaintiff did not respond to Pfizer's attorney fee petition in the Circuit.  A belated attempt to revisit the question of the applicability and reasonableness of the fee petition was rejected by the circuit court.

out-of-state witnesses.  Pfizer's motion for summary judgment was extensively briefed by the parties, including a reply and sur-reply.  Further, it appears from Pfizer's submissions that the hourly rates charged by counsel are comparable to prevailing market rates for litigators doing similar work.  Additionally, we note that Pfizer responded to Plaintiff's Objections to the Report and Recommendation.  Accordingly, we respectfully submit that the district court should grant Pfizer's motion and award fees and expenses in Pfizer's favor in the amount of $134,100.38.[9]

                                      Respectfully submitted,

                                      /s/ Amy Reynolds Hay
                                      AMY REYNOLDS HAY
                                      United States Magistrate Judge

Dated: May 12, 2006

cc:   Hon. Donetta W. Ambrose
      Chief United States District Judge

      David F. Weiner, Esquire
      Carlin & Weiner
      Suite 600, USX Tower
      600 Grant Street
      Pittsburgh, PA 15219

      Richard A. Swanson, Esquire

---

[9]    Despite being ordered to respond to the instant motion, Plaintiff chose not to address the question of the reasonableness of the fee request.  Instead, Plaintiff requested the opportunity to contest the reasonableness of the application at a later hearing.  We decline to grant Plaintiff's request to belabor the issue any further in time.

Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Peter J. Engstrom, Esquire
Baker & McKenzie
Two Embarcadero Center
Twenty-Fourth Floor
San Francisco, CA 94111